### No. 10,081.

### JAMES WOOD vs. EMILE DABOVAL..

In an action for the liquidation of a partnership, in which issue has been joined between the parties, as to the sufficiency and correctness of an account furnished to the suing partner by the managing partner, in which a trial has taken place on evidence introduced on the merits of the controversy, and in which the defendant had not filed an exception or even prayed for the dismissal of the suit, a judgment maintaining an exception, and for those reasons dismissing the suit, is not responsive

to the issues tendered by the pleadings; and such a judgment cannot be reviewed on the merits by the appellate tribunal.

In such a case the judgment will be set aside and the cause remanded for trial on the issues involved in the controversy.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*W. B. Lancaster* for Plaintiff and Appellant.

*Sambola & Ducros* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.   This suit is for the liquidation of a partnership, of which plaintiff was a dormant partner, and which was under the exclusive control and management of the defendant.

The partnership had been formed for one year, to begin on the first. of June, 1882.

The relief asked by plaintiff was a detailed and exact account from the defendant of the affairs of said partnership, and for a judgment against the defendant for such amount as might be found to be due to plaintiff after a final and judicial investigation of the accounts of the firm.

After a general denial, and after denying specially that he had the exclusive control of said partnership, defendant averred that he has furnished plaintiff with a full and final account of the transactions of said partnership, and also with a statement of plaintiff's personal account with the firm, both of which went to show a balance of $42.88 in favor of plaintiff, who received said statements without ever questioning the correctness of either.   Alleging that he has frequently offered to pay said balance to plaintiff, defendant embodies in his answer a succinct statement of the account of the partnership, and he concludes with a prayer " for such judgment as the nature of the case may require and the law will permit "

The issue having thus been joined between the parties, as to the correctness of the account rendered by the defendant, with a prayer by both parties for a judgment liquidating the partnership, followed by the introduction of a mass of testimony and of some documentary evidence, bearing on the merits of the controversy, the judicial mind is served with quite a surprise on finding in the record the following judgment, from which plaintiff prosecutes this appeal:  " In this exception, submitted for adjudication and for the reasons orally assigned by the court, the law and the evidence being in favor of plaintiff in

17

exception, it is ordered that the exception filed herein be maintained and accordingly that plaintiff's suit be dismissed with costs." And the surprise thus experienced grows into amazement at the perusal of the briefs filed here by both parties, who join in a discussion of the entire controversy on its merits, in an appeal from a judgment sustaining an exception, and in a record which contains no exception. In their brief defendant's counsel make this statement: "The judgment of the lower court, which called and treated the defense embodied in the said answer as an exception, dismissed the suit with costs."

But this statement is not borne out by the record, from which it appears that the defendant acknowledged an indebtedness to plaintiff in the sum of $42.88, without averring a legal tender thereof, and that in his prayer he had not asked for the dismissal of the suit. Hence it is clear that the judgment on appeal is not responsive to any issue tendered by the pleadings. The statement furnished to his co partner by the defendant was either an accounting or it was not, and if a sufficient account, it was either correct or it was not.

If it was a sufficient account, and if correct, the judgment should have been in favor of plaintiff for the balance in his favor acknowledged by the defendant. If the conclusion was that the statement was not a sufficient accounting, or that it was not correct, then a proper judgment, based upon the partnership books and other testimony in the case, should have liquidated the partnership by determining the rights and liabilities of the partners *inter sese*.

But under no event and under no law or judicial precedent was there any room or reason for the judgment rendered in the case.

Under those circumstances we are powerless to review the merits of that judgment, and to decide whether it is intrinsically right or wrong, as the record does not set forth the issue on which it seems to be predicated.

We are left but one alternative, and that is to set it aside and to remand the cause for further proceedings according to law.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is ordered that this cause be remanded to the lower court, to be there tried under the issues contained in the pleadings and according to law, the costs of this appeal to be taxed against the defendant, other costs to abide the final determination of the case.